ACCEPTED
04-15-00477-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/21/2015 9:58:50 AM
KEITH HOTTLE
CLERK

**04-15-00477-CV**

| | |
|---|---|
| **DAVID S. SAB** | **IN THE FOURTH** |
| **Appellant** | |
| **V.** | **COURT OF APPEALS** |
| | |
| **KATHRYN LYNN HAWKINS-SAB** | **SITTING IN SAN ANTONIO** |
| **Appellee** | |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/21/2015 9:58:50 AM
KEITH E. HOTTLE
Clerk

## APPELLEE'S NOTICE OF APPELLATE DEFICIENCIES

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

COMES NOW APPELLEE, KATHRYN LYNN HAWKINS, F/K/A KATHRYN LYNN HAWKINS-SAB, and files this instrument complaining of and objecting to Appellant's appellate deficiencies. In support of this instrument, Appellee would represent to the Court of Appeals as follows:

### I.
### HISTORICAL BACKGROUND

On or about April 15, 2015, the trial court entered its Decree of Divorce in this matter as a post-appearance default when Appellant David S. Sab knowingly failed to appear at the noticed trial date. On April 27, 2015, Appellant filed Respondent's Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment. On June 3, 2015, the Court considered and denied Respondent's Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment.

On June 11, 2015, the Court entered its written order denying Respondent's Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment. On July 9, 2015, Appellant began the appellate process by filing his Notice of Appeal in the trial court. On July 24, 2015, the trial court considered the Affidavit of Indigent Status of David S. Sab and found Appellant was not indigent and not entitled to a free clerk's record or reporter's record on appeal. On August 3, 2015, Appellant filed his Motion for Extension of Time to File Appeal of Indigency by the Trial Court. Appellee agreed to Appellant's request for five additional days after August 3, 2015 to file his notice of appeal of the indigency ruling by the trial court. On August 10, 2015, Appellant filed his second Motion for Extension of Time to File Appeal of Indigency by the Trial Court. Appellee was never asked to agree to Appellant's second request for a five day extension. Appellant indicates in such motion that counsel for Appellee "has not agreed" to Appellant's request for five additional days after August 10, 2015 to file his appeal of the indigency ruling by the trial court. While Appellant forwarded a draft of a "Notice of Appeal on District courts indigent ruling," to Appellee previously, Appellant filed his untimely appeal of the district court's sustaining Appellee's objection to Appellant's affidavit of indigent status on August 19, 2015. On August 13, 2015, Appellant filed his docketing statement, ADR, Motion to Contest Trial Courts Ruling and a

motion to the trial court. On August 14, 2015, Appellant filed in the appellate court a "Motion for courts ruling" requesting "some kind of judicial intervention." On August 19, 2015, Appellant filed a mistitled "Notice of Appeal on District courts indigent ruling." Such document is actually a brief in support of a motion to the appellate court seeking a remand of the indigency issue to the trial court and requesting the appellate court review specific evidence from the trial (not the indigency hearing) to "decide if the evidence in the record supports the facts presented to the trial court to establish his indigence." Appellant did not provide a true and correct copy of the motion to Appellee via counsel.

## II.
## DEFICIENCIES

As indicated above, Appellant David S. Sab began the appellate process after a decree of divorce was entered and after his motion for new trial was denied. Appellant David S. Sab in each instance had every opportunity to present evidence to the Court on relevant issues. The Court admitted all evidence presented by Appellant at the motion for new trial hearing and at the hearing concerning Appellant's indigent status. The record has been preserved for purposes of appeal, is contrary to the arguments presented by Appellant and the evidence is closed. The proper course of action is for Appellant to appeal the trial court's entry of the decree of divorce and appeal the denial of his indigent status. Based on the

evidence presented to the trial court, Appellant agrees the trial court properly denied his Motion for Rehearing, Motion for New Trial, And to Set Aside Judgment and Alternatively, Modification of Judgment. Appellant has made it clear to the appellate court that his complaint is the trial court rendered a decree of divorce based upon fraudulently presented evidence or that the evidence presented during trial was insufficient to support the findings made by the trial court and the award of property. The proper course of action calls for Appellant to follow procedures, request a proper appellate record, pay the appropriate fees and complete the proper forms required by the local rules. As it is now apparent that Appellant is frivolously pursuing an appeal as suggested by *Owen v. Jim Allee Imps., Inc*., 380 S.W.3d 276, 290 (TexApp. - - Dallas 2012, no pet.), Appellee would like to call the following appellate deficiencies to the attention of the Honorable Fourth Court of Appeals:

A. Record. Per Rules 12.4, 34 and 35 of the Texas Rules of Appellate Procedure and Local Rule 7 of the Fourth Court of Appeals, Appellant is responsible for identifying the part of the record needed for the appeal, requesting such record, paying for such record and utilizing the record for purposes of appeal. Rule 33 of the Texas Rules of Appellate Procedure outlines the prerequisites for presenting complaints for appellate review. No record has been identified at this time, requested, paid or presented to the appellate court for consideration in a

timely manner. Rather, Appellant is pursuing a free de novo appeal by reurging the arguments that were rejected by the trial court, either during trial, during the hearing on the motion for new trial or the hearing concerning Appellant's indigent status. Appellant is presenting baseless arguments to the appellate court via inadmissible hearsay, conjecture by Appellant, speculation by Appellant and third parties and contriving nonexistent arguments or opinions supposedly raised by the trial court, Appellee, Appellee's counsel, alleged witnesses and "experts" who never passed the "gatekeeper" test after an appropriate pretrial challenge or trial objection. Appellant is engaging in a smear campaign seeking sympathy when the record is available to affirm the trial court's rulings which are clearly contrary to the legal and factual positions asserted by Appellant in bad faith as he knows the content of the official record of the proceedings. Appellant is filing documents designated for the trial court ONLY with the appellate court and not filing pleadings with the clerk of the trial court. Appellant's exhibits reflect he is sending alleged trial court pleadings to the family court coordinator, to the appellate court or to the judge of the court. The copies of unfiled documents are presented to the appellate court in an effort to inject inadmissible documents into the record.

B. Certificate/Service. Rule 9.1 of the Texas Rules of Appellate Procedure requires pro se parties to sign all documents, give the party's mailing

address, telephone number, fax number, if any, and e-mail address. Rule 9.5(e) further requires the certificate of service must be signed by the party and state the date and manner of service. Appellant has forwarded drafts of documents to Appellee's counsel via e-mail. Such documents are unsigned and are not copies of the documents filed with the appellate court. Appellant is hiding his mailing address and actual address because he is concealing assets. Appellant is not sending Appellee true and correct copies of the documents filed with the appellate court. Appellant is not dating the certificate of service and is sending drafts of documents Appellant did not file when indicated or never filed. While Appellant is pro se, Local Rule 3 permits filing documents in different ways, especially when a party is pro se. Appellant is filing documents via fax and e-mailing counsel documents that do not comply with the rules cited above. Local Rule 9 suggests in the commentary that "parties use the same method of service of a document on a party as is used in filing the document with the Court." Appellee urges the appellate court to Order Appellant to include his actual address on all documents, sign and date all documents and serve Appellee via fax if Appellant files a document via fax. This will insure Appellant is receiving the same document being delivered to the appellate court at the same time the document is filed with the appellate court.

C. Docketing Statement. Rule 32 of the Texas Rules of Appellate Procedure and Local Rule 5 provide for the accurate and complete filing of a docketing statement with the appellate court. Appellant intentionally left page 1 of the docketing statement incomplete. An appellant who is in hiding because of his misdeeds, violations of court orders, violations of law and reasons known only to such an individual should not be permitted by the appellate court to prosecute an appeal while concealing information required of all other parties to an appeal. Appellee is complying with court orders, following all procedural and substantive rules of law and urges the appellate court to require the same of Appellant IF he truly wishes to appeal this matter. Appellant is presenting a frivolous appeal with unclean hands as he conceals his person and Appellee's awarded assets when Appellant is utilizing such assets for personal gain. Appellant also intentionally failed to include a true and correct copy of the signed decree of divorce to the docketing statement as required. Such intentional failure serves Appellant's efforts to conceal Appellee's awarded assets from the appellate court and Appellee while re-urging the fraud issues previously rejected in the trial court. Appellee would urge the Fourth Court of Appeals to treat the intentionally deficient docketing statement as untimely filed.

D. Timeliness. In considering an appeal of an order by the trial court sustaining an objection to an affidavit of indigency, the appellate court may extend

the time to file the motion if the Appellant files a motion to extend time that complies with Rules 10.5(b) and 20.1(j)(2) of the Texas Rules of Appellate Procedure. As noted above, Appellee agreed to Appellant's request for an extension until August 10, 2015 to file his notice of appeal of the trial court's indigency ruling. Appellant did not timely file a notice of appeal of the indigency ruling. Rather, Appellant requested a second five day extension in a motion that did not comport with Rules 10.5(b) and 20.1(j)(2). Regardless of the deficiencies, Appellant did not file a proper or timely notice of appeal of the trial court's indigency ruling within the extended period requested by Appellant. Appellee prays the Fourth Court of Appeals:

1. Deny Appellant's second request for an extension of time to file his notice of appeal of the indigency ruling;

2. Affirm the trial court's order sustaining Appellee's objection to Appellant's affidavit of indigent status:

3. Find Appellant has failed to identify the clerk's or reporter's record for appeal;

4. Find Appellant has failed to request the clerk's or reporter's record for appeal;

5. Find Appellant has failed to pay for the clerk's or reporter's record for appeal;

6.  Find Appellant has failed to timely file the clerk's or reporter's record for appeal;

7.  Find Appellant has failed to timely pay those fees due to the Fourth Court of Appeals by the stated deadline; and

8.  Dismiss the appeal.

Alternatively, and without waiving the foregoing, Appellee would urge the Fourth Court of Appeals deny Appellant's request to appeal the trial court's indigency finding and:

1.   Grant Appellant ten (10) days to pay all fees due the Fourth Court of Appeals;

2.   Grant Appellant fifteen (15) days to designate and request the portions of the clerk's and reporter's record for appeal;

3.   Grant Appellant twenty (20) days to pay for the requested portion of the clerk's and reporter's record for appeal; and

4.    Grant Appellant forty-five (45) days to file the appellate record with the clerk of the Fourth Court of Appeals.

Appellant has further reviewed the website and docket entries for this matter in the Fourth Court of Appeals website.   Per the docketed entries, Appellant did not timely file a fully completed docketing statement and is in violation of the deadline to do so.   Appellant has failed to timely pay the required fees and is in

violation of the deadline to do so.  Appellee urges the relief requested above.

E.   Inappropriate References/Requests.   As noted above, the rules of civil procedure and appellate procedure provide for the proper preservation and presentation of points on appeal.   Appellant presented all of his arguments to the trial court and the arguments were rejected.  The clerk's record and reporter's record were properly prepared and maintained.   The record is available for consideration by the appellate court if Appellant chooses to secure the same for his appeal.  Appellee, through counsel, has implored Appellant to seek counsel to present all of his concerns in a legally appropriate manner.  As Appellant knows the appeal is frivolous and has no likelihood of success if the record is presented to the Fourth Court of Appeals, Appellant is engaging in a smear campaign against in an inappropriate effort to secure sympathy to Appellant's cause.   Appellant is attempting to introduce inadmissible materials, opinions, hearsay, settlement discussions and arguments that are entirely inconsistent with the record that was preserved for appeal.   Appellant is essentially re-urging all of his previously rejected trial court arguments without admissible evidence.  Should Appellant be permitted to continue with his appeal, Appellee requests the Fourth Court of Appeals ORDER Appellant to only refer to the official record on appeal in his pleadings, briefs, notices and other filings before the appellate court.

Appellee noted above that Appellant has mailed documents to third parties when such documents were never filed with the District Clerk of Dimmit County. Appellant is using unfiled documents as exhibits claiming certain facts occurred or matters were presented.   Appellee therefore further prays the Fourth Court of Appeals instruct Appellant to only use as exhibits in future motions file stamp-filed copies of any motions filed in the trial court.  (e.g. a stamp-filed copy of a supersedeas bond filed with the district clerk.)   Appellee has objected previously and objects now to Appellant asking favors of the district clerk's staff, the district court family law court coordinator and the staff of the Fourth Court of Appeals. Each staff member is prohibited from giving legal advice to Appellant, locating documents in one office and filing those documents in another office or acting as a liaison between the parties or counsel. (e.g. "Liz told me this morning you must . . .")   Appellee is certain all staff members have acted appropriately in each instance.   Appellant's contacting staff in an effort to gain favors or communicate with a court or justice in an ex parte manner should be halted immediately.

Appellee urges the Fourth Court of Appeals to instruct Appellant to file trial court motions with the Dimmit County District Clerk and not with the Fourth Court of Appeals, to not ask the staff of the different offices to do personal favors for Appellant, to not ask the staff of different offices for legal advice and to not quote the staff as references for any point of law or procedure.   Appellee further

urges the Fourth Court of Appeals to order Appellant to cease his ex parte communications with any court via letters seeking help, relief, assistance, telephonic hearings or any other remedy as the proper vehicle for all courts to operate is via the filing of a proper motion with the proper clerk of the proper court pursuant to a specific rule.

## III.
## CONCLUSION

Counsel for Appellee is cognizant of the fact that Appellant is pro se and deserves some latitude in presenting issues to the Fourth Court of Appeals. The Fourth Court of Appeals does not have the benefit of reviewing the record yet and Appellant's abusive conduct in the trial court and in the Court of Appeals may not yet be apparent. However, Appellant's conduct before this Court of Appeals reflects Appellant is cognizant of many rules of procedure which are not commonly understood - - the right to seek a free record on appeal, the requisite contents of an affidavit of indigency, the deadlines for filing an affidavit of indigent status, a notice of appeal, an application for extension of time, the requirements for a notice of appeal, and the requirements for a notice of appeal of indigent status. Similarly, Appellant has shown a wily failure to include a date or his signature on both a pleading, a proper certificate of conference or certificate of service, a failure to include his physical or mailing address on pleadings, to use

terms like "appears," "suggests," and comparable terms to submit the same are factual, to regurgitate arguments that were previously rejected when no record is before the appellate court that demonstrates the arguments are frivolous, to withhold the decree of divorce from the appellate court when the attached decree contains findings that point to Appellant's frivolous, selfish and offensive conduct in the trial court, to raise arguments before the Court of Appeals concerning alleged fraud when no evidence was ever admitted or tendered to the trial court to substantiate such arguments, to try and create a record on appeal via inadmissible evidence to fill a void in the appellate record and to re-urge arguments on appeal without going to the expense of securing a record that refutes Appellant's arguments.

The Court of Appeals now has as Exhibit 1 a copy of the decree of divorce at issue. The same reflects Appellant is a cunning, calculating individual who was abusive during the course of his marriage and who retaliated from the shadows in many ways against Appellee while the case was before the trial court. The same cagey tactics are being presented to the Court of Appeals while Appellant refuses to return Appellee's property. What will the truck, skid steer or trailer be worth to Appellee if Appellant destroys these items during a lengthy and frivolous appeal? Appellant's shrewd answer to that question is that he will have free and clandestine use of these and other items to travel the state, work,

generate funds and diminish in value so Appellee will effectively lose the true value of her award even if Appellee prevails on appeal.  This appeal is a frivolous delay tactic by Appellant who systematically abused the trial court process and who is now manipulating the appellate process with his passive-aggressive tactics.  A dismissal of the appeal at this juncture would be judicious.  Appellee prays this Court of Appeals finds the noted deficiencies warrant a denial of Appellant's requests for relief and a dismissal of the appeal.

WHEREFORE, PREMISES CONSIDERED, Appellee prays this Honorable Fourth Court of Appeals consider all deficiencies noted in this instrument, grant the requested relief and that Appellee receive all other and further relief to which Appellee may be justly entitled, at law or in equity.

Respectfully submitted,

**DEMETRIO DUARTE, JR. &
ASSOCIATES, P.C.**
2200 Warner Ave.
San Antonio, Texas 78201
(210) 737-6676   Telephone
(210) 733-6181   Facsimile

BY: ___/s/ Demetrio Duarte, Jr._____
     **DEMETRIO DUARTE, JR.**
     State Bar No.  06144125

# CERTIFICATE OF CONFERENCE

The undersigned has unsuccessfully attempted to confer with Appellant on many matters associated with this appeal. The same have proven to be painfully ineffective and futile. Recent events have required counsel for Appellee to cease all communications with Appellant as conferring cannot occur successfully or with any expectation of civility. Appellee believes Appellant opposes the requested relief and disagrees with all propositions advanced in this instrument.

/s/ Demetrio Duarte, Jr.
Demetrio Duarte, Jr.

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was delivered to David S. Sab via e-mail at davidsab1801@icloud.com on August 21, 2015, in accordance with the Texas Rules of Appellate Procedure.

/s/ Demetrio Duarte, Jr.
**DEMETRIO DUARTE, JR.**